**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Todd M. Horstkotte


     v.                              Civil No. 08-cv-138-JL

Richard Gerry, Warden,
New Hampshire State Prison


**REPORT AND RECOMMENDATION**


     Before the Court is Todd Horstkotte's petition for a writ of
habeas corpus (document no. 1), filed pursuant to 28 U.S.C. §
2254, and his "Motion to Supplement Civil Complaint" (document
no. 5).[1]  The matter is before me for preliminary review to
determine whether or not the claims raised in the petition are
facially valid and may proceed.  See Rule 4 of the Rules
Governing Section 2254 cases in the United States District Courts
("§ 2254 Rules"); United States District Court District of New
Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate
judge to preliminarily review pro se prisoner filings pursuant to
28 U.S.C. § 1915A).

---

[1]The motion to supplement (document no. 5) will be accepted
as an addenda to the original petition (document no. 1).  The
documents, in the aggregate, will constitute the petition in this
matter for all purposes.

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. <u>See</u> <u>Erickson v. Pardus</u>, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." <u>See</u> <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. <u>See</u> <u>id.</u> This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

On June 27, 2007, Todd Horstkotte plead guilty to felony theft and was sentenced to one to three years in the New Hampshire State Prison ("NHSP").  On August 1, 2007, Horstkotte plead guilty to a second felony theft offense and was sentenced to one to four years in prison, to be served concurrently with his June 27 sentence.  Horstkotte first became eligible for parole on January 16, 2008.  His maximum sentence will expire in January of 2011.

Horstkotte alleges that, contrary to New Hampshire Department of Corrections ("DOC") policy, he was not given a parole plan, paperwork, or a parole hearing during the sixty days prior to his January 16, 2008 minimum parole date ("MPD"), despite making inquiries during that time.  In fact, no prison or parole board official contacted Horstkotte regarding parole at any time prior to his MPD.  On January 16, 2008, Horstkotte filed a petition for a writ of habeas corpus in the Merrimack County Superior Court.  That Court scheduled an expedited hearing on the petition for February 8, 2008.

On January 22, 2008, the NHSP Warden was served with the State habeas petition and notified of the February 8, 2008

3

hearing date.  On January 23, 2008, the parole board received a directive, emailed from the office of the DOC Commissioner, instructing them to schedule a hearing for Horstkotte.  On January 25, 2008, Horstkotte was notified that a parole hearing had been scheduled for January 31, 2008.  In addition, a classification hearing was scheduled for January 30, 2008.

On January 28, 2008, Horstkotte requested paperwork relevant to his parole prior to his hearing date.  Specifically, he requested his pre-parole synopsis and parole plan.  These documents are intended to reflect information gathered regarding a prospective parolee, and are supposed to be reviewed and corroborated by an inmate's case counselor before they are submitted to the parole board.  Due to the scheduling of the hearing, however, these documents were not produced to Horstkotte or the members of the parole board, and thus were not utilized by the parole board at Horstkotte's parole hearing.  In addition, due to the short notice he was given of the hearing date, Horstkotte was unable to arrange for family, friends, or a future employer to be present at the hearing to support his request for release on parole.

4

On January 30, 2008, after his classification hearing, the classifications office at the NHSP recommended that Horstkotte's custody status be increased from C-3, a medium security classification, to C-4, which is "close custody," a higher security level, based on his disciplinary record at the NHSP. Prior to that hearing, Horstkotte had been classified C-3 since at least November 16, 2007.

On January 31, a sixty second parole hearing was held. After the hearing, the parole board denied Horstkotte parole on the basis of his pending C-4 status and disciplinary record, and advised Horstkotte that his parole request could be reheard when he had again attained a C-3 security status.

On February 8, 2008, at the Merrimack Superior Court hearing on Horstkotte's petition for a writ of habeas corpus, the Warden admitted that Horstkotte's hearing had been administratively overlooked, and had thus been scheduled in haste. The Warden further conceded that, as a result, many of the procedures ordinarily undertaken prior to a parole hearing, including notice to interested parties and the preparation of a prerelease synopsis and parole plan, had been dispensed with in the interest of affording Horstkotte a quick hearing. The Warden also

asserted that Horstkotte would likely have been granted parole

but for his C-4 classification, and that he would likely be

released on parole once he again achieves a C-3 classification.

    After the February 8 hearing, the Merrimack County Superior

Court denied Horstkotte's petition, stating that it was moot, as

he had been given a parole hearing.  Horstkotte appealed the

Superior Court's decision to the New Hampshire Supreme Court,

which declined to hear his appeal.  This petition followed.

    Here, Horstkotte claims that the prison hastily increased

his classification to C-4 so that they would have a reason not to

grant his parole.[2]  Horstkotte asserts that this measure was

taken by the parole board in order to shield itself from charges

that it had improperly extended Horstkotte's period of

incarceration by denying him certain procedures, including

_____

    [2]To the extent that Horstkotte intended a constitutional
challenge to his classification hearing or security status, such
a claim must be raised in a civil rights action brought pursuant
to § 1983.  However, Horstkotte should be aware that an inmate
has no liberty interest in being housed or classified in a
particular facility or in a particular security status.  Meachum
v. Fano, 427 U.S. 215, 225 (1976).  As prison inmates do not have
any liberty interest in where they are housed, transfers within
the prison are well within the discretion of prison officials,
and inmates are not protected from such transfers by the
constitution.  See Olim v. Wakinekona, 461 U.S. 238, 244-45
(1983) (citing Meachum, 427 U.S. at 224-25, to support the
conclusion that prisoners have no liberty interest protecting
them from housing transfers).

adequate notice and a parole hearing prior to his MPD.

Horstkotte claims that the January 31 parole hearing is void, as

it did not comply with the procedural requirements of State laws

governing parole hearings, and that he should, therefore, be

immediately released on parole.

Discussion[3]

I.   Claims Based on Right to Parole

Horstkotte alleges that the denial of his parole was

improper, and that he is unconstitutionally incarcerated because

he was not granted parole.  It is well-settled that a convicted

person has no constitutional right to be conditionally released,

on parole or otherwise, before the expiration of a valid

sentence.  See Greenholtz v. Inmates of Neb. Penal & Corr.

Complex, 442 U.S. 1, 7 (1979).  A valid conviction, with all its

procedural safeguards, extinguishes that liberty right.  See id.;

see also Meachum, 427 U.S. at 224.  A right to parole under the

Due Process Clause exists only if such right is created by State

law.  See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Hamm v.

---

[3]The claims as identified herein will be considered to be
the claims raised in the petition for all purposes.  If
Horstkotte objects to the identification of the claims here, he
must do so by properly objecting to this Report and
Recommendation.

<u>Latessa</u>, 72 F.3d 947, 954-55 (1st Cir. 1995); <u>Brooker v. Warden</u>,
No. 98-466-JD, 1999 WL 813893, at * 2 (D.N.H. June 22, 1999).

In New Hampshire, a convicted inmate has no state-created
liberty interest in parole.  <u>See</u> <u>Jago v. Van Curen</u>, 454 U.S. 14,
19-21 (1981); <u>Ainsworth v. Risley</u>, 244 F.3d 209, 216-17 (1st Cir.
2001); <u>Knowles v. Warden</u>, 140 N.H. 387, 389, 666 A.2d 972, 974-75
(1995).  "In determining whether state law provides a protectable
liberty interest in parole, federal courts are bound by the
state's interpretation of applicable state law unless that
construction or application violates federal law."  <u>Brooker</u>, 1999
WL 813893, at * 2.

The applicable New Hampshire parole laws are found in N.H.
Rev. Stat. Ann. ("RSA") § 651-A.  The statute provides that:

> A prisoner *may* be released on parole upon the
> expiration of the minimum term of his sentence,
> [as adjusted by other statutory provisions],
> provided that there shall appear to the adult
> parole board, after having given the notice
> required in RSA 651-A:11, to be a reasonable
> probability that he will remain at liberty without
> violating the law and will conduct himself as a
> good citizen.  Any prisoner so released shall be
> given a permit by the board to be at liberty from
> prison during the unexpired portion of the maximum
> term of his sentence.

8

RSA 651-A:6, I (2007) (emphasis added).  Under authority provided
by RSA 651-A:4, III, the Parole Board has adopted rules
pertaining to parole policy as follows:

> Parole shall be considered a privilege, something
> to be earned rather than automatically given, and
> any release prior to the maximum term shall be
> made only upon careful and lawful consideration.
> An inmate shall not be granted parole unless the
> board finds a reasonable probability that the
> inmate will remain at liberty without violating
> any law and will conduct himself as a good
> citizen, pursuant to criteria in [N.H. Code Admin. R.]
> Par 301.02.

N.H. Code Admin. R. Par 301.02 (2007).

The New Hampshire Supreme Court has repeatedly held that the
parole board has broad discretion in its parole decisions and
that the Board is not mandated to grant parole to an inmate,
although he may meet certain conditions or criteria.  See
Knowles, 140 N.H. at 389, 666 A.2d at 974-75; Cable v. Warden,
140 N.H. 395, 398, 666 A.2d 967, 969 (1995); Baker v. Cunningham,
128 N.H. 374, 381, 513 A.2d 956, 960 (1986).  Simply put, "[t]he
possibility of parole is not a right to liberty conferred by New
Hampshire state law."  Brooker, 1999 WL 813893 at * 4.

Horstkotte, in his petition, alleges that the parole board
unconstitutionally denied him parole.  However, absent a
constitutional right to parole, or a liberty interest in the

9

grant of parole, there is no constitutional due process violation for a denial of parole because there is no due process right to be granted parole.  <u>See</u> <u>Greenholtz</u>, 442 U.S. at 7; <u>Brooker</u>, 1999 WL 813893 at *4.  Accordingly, to the extent that Horstkotte's petition alleges such a claim, I recommend that the claim be dismissed, as it is not cognizable in a federal habeas petition.

II.  <u>Denial of Parole Procedures</u>

Horstkotte alleges that he was denied due process protections that have been provided to him by State law. Horstkotte correctly alleges that the State of New Hampshire has created a liberty interest in certain procedures attendant to het consideration of in inmate for parole in the following provisions of the New Hampshire Administrative Code:

> All inmates shall receive a parole hearing within the 60-day period prior to their minimum parole date.  If parole is denied at the initial hearing, the board shall advise the inmate, in writing via a copy of the minutes of the hearing, what the inmate shall be required to do to be granted another hearing.

N.H. Code Admin. R. Par 203.02.

> The inmate may have family members, friends, professional persons, employers, or other witnesses present to discuss the case with the board, provided their names and relationship to the inmate are filed with the executive assistant.

N.H. Code Admin. R. 203.07.

These regulations create a right to have certain procedures attendant to his parole consideration followed.  The mandatory language in the regulations creates a liberty interest in those procedures, and may give rise to a constitutional civil rights claim for the denial of due process in the event that he is deprived of the procedures.  See Bd. of Pardons v. Allen, 482 U.S. 369, 373 (1987); Greenholtz, 442 U.S. at 12.  However, the regulations do not create a liberty interest in actually being granted parole, or in being released from custody.  See Greenholtz, 442 U.S. at 7; Sandin, 515 U.S. at 483-84.  The regulations in question create an interest only in those procedures, however, and not in any abatement of Horstkotte's confinement.  Even if the denial of the procedures could impact an inmate's release date, that fact alone does not create a liberty interest in being released on a particular date where, as here, no State law specifically creates such an interest.  Thus, a violation of the procedures does not give rise to a federal habeas claim.[4]  Accordingly, I recommend dismissal of

---

[4]I make no comment at this time about how Horstkotte's procedural due process claims might fare if brought in a civil rights action pursuant to 42 U.S.C. § 1983.  I find only that, if Horstkotte claims that his right to being afforded certain procedures has been violated, his remedy lies in a civil rights action for monetary or injunctive relief.

11

Horstkotte's claim alleging a deprivation of his right to certain procedural measures.

Horstkotte argues in his petition that the parole hearing held on January 31, 2008 should be deemed void, because the New Hampshire Supreme Court has held that ". . . the action of the parole board must be upheld unless shown as a matter of law to have been arbitrary or capricious, or void for lack of the requisite statutory process."  Martel v. Hancock, 115 N.H. 237, 239, 339 A.2d 9, 11 (1975).  Horstkotte confuses the word "void," however, with a finding that the decision of the parole board must be reversed.  Voiding a parole hearing and decision, however, does not mean that the decision of a parole board to deny parole is overridden and a new decision to grant parole inserted in its place.  It simply means that the parties stand as if the hearing had never happened.  It may be that Horstkotte  is entitled to a new hearing.  That issue is not before me at this time, however, and I will not render an opinion on Horstkotte's entitlement to a hearing, or the likelihood of the success of an action to grant him a new parole hearing brought at some point in the future before a court of competent jurisdiction.

Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Horstkotte has neither a liberty interest in being granted parole, nor a liberty interest in being released upon the parole board's failure to provide him with statutorily mandated process, he has not alleged that his conviction, sentence, or present incarceration violates any right accorded to him under the federal Constitution or any federal law.

<u>Conclusion</u>

For the foregoing reasons, I recommend that the petition for a writ of habeas corpus be dismissed, as Horstkotte has failed to raise any claims cognizable in a federal habeas action. Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Unauthorized Practice of Law</u>

<u>Comm. v. Gordon</u>, 979 F.2d 11, 13–14 (1st Cir. 1992);

<u>United States v. Valencia–Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:     May  12, 2008

cc:       Todd M. Horstkotte, pro se

14